UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cr-80219-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERENCE KEVIN SMITH,

    Defendant.
    _____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL

This cause comes before the Court upon Defendant Terence Kevin Smith's ("Smith") Motion for Compassionate Release and Motion for Appointment of Counsel. DE 111; DE 112. Smith seeks his release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. He presently is confined at FCI Edgefield serving a total 144-month sentence after pleading guilty to attempted bank robbery, bank robbery, conspiracy to commit armed bank robbery, attempted armed bank robbery, conspiracy to carry and use a firearm during and in relation to a crime of violence, possession of a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. *See* DE 62; DE 93. The Court has carefully reviewed the Motions and the record and is otherwise fully advised in the premises. For the reasons set forth below, Smith's Motions are denied.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D). Before reducing a sentence, the court must also determine that

2

the "defendant is not a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Smith states that he exhausted administrative remedies by submitting a release request to the FCI Edgefield warden more than 30 days ago, to which he has not received a response. Even if the Court accepts his contention that he exhausted administrative remedies, a reduction of sentence is inappropriate under the circumstances of this case.

Smith states that he suffers from hypertension that is controlled through diet and exercise and that does not require medication at this time.[1] The Court is sympathetic to the medical condition that he describes and to the hardships that imprisonment creates, especially during the COVID-19 pandemic. And the Court recognizes that the Center for Disease Control has identified hypertension as an underlying medical condition that might cause a person to be at an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 2, 2020). However, Smith has provided no evidence to indicate that his medical condition is not being effectively managed within the prison system. In fact, he acknowledges that his condition is being managed even without medication. The Court cannot conclude from this record that he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. *See* U.S.S.G. § 1B1.13, application note 1(A)(ii)(I).

In addition, the Court is unable to conclude that Smith's release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a), and is unable to conclude that he is not a danger to

---

[1] Smith additionally states that diabetes, hypertension, and high cholesterol run in his family, but he does not maintain that he currently suffers from diabetes or high cholesterol.

3

the safety of any other person or to the community. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to conclude that the defendant "is not a danger to the safety of any person or to the community" before granting a reduction of sentence). Smith is serving a total 144-month sentence for several bank robbery and firearm offenses. These crimes involved an attempted bank robbery where a co-conspirator threatened a bank teller with a written note that she had a bomb, a bank robbery where the co-conspirator threatened a bank teller with a written note that she had a firearm, and a planned bank robbery that would have involved a firearm but was thwarted by federal agents. *See* DE 62. Smith was involved in the planning for each robbery. *See id.* Therefore, factors that do not support his release include the nature and circumstances of his offenses, the need to protect the public, and the need for a sentence that reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a).

For all of these reasons, it is **ORDERED AND ADJUDGED** that Terence Kevin Smith's Motion for Compassionate Release [DE 111] is **DENIED**. His Motion for Appointment of Counsel [DE 112] is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of September, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record